IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO I. ALVARO,<br><br>   Plaintiff,<br><br> v.<br><br>REY REY PRODUCE SFO INC., REY &<br>REY PRODUCE, INC. and MANUEL<br>REYNOSO,<br><br>   Defendants.<br>_____/ | No. C 07-01685 JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON JUNE 1, 2007 AT 9:00 A.M.:

  The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings.  If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing.  If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing.  *Cf.* N.D. Civil Local Rule 7-3(d).  The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties shall each have 20 minutes to address the following questions:

1. Although the Court may consider evidence outside of the pleadings when addressing a facial jurisdictional attack pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendants move to dismiss the trust claims (which are not alleged in the administrative reparation cases) under Federal Rule of Civil Procedure 12(b)(6), which limits the Court's consideration of such evidence. *See Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). Resolution of the factual dispute over whether Plaintiff retained a valid PACA license during the relevant time period would require the Court's examination of extrinsic evidence.

   a. Must the Court accept as true, pursuant to Rule 12(b)(6) the alleged fact pled in the complaint that at all relevant times, Plaintiff was licensed (Complaint at ¶ 9)?
   b. How much time would the parties need to resolve this limited factual issue on an expedited summary judgment schedule?

2. Should the Court find that the individual trust claims may proceed until such time as the factual dispute over Plaintiff's licensing status is resolved, does the Court have jurisdiction over the remainder of the action in this Court pending a determination of the exact same claims pending in the administrative reparation cases before the United States Department of Agriculture? Does voluntary dismissal of the administrative claims confer jurisdiction here? What legal authority supports Plaintiff's assertion that he would have to return to district court to enforce any administrative decision (Opp. Br. at 9)?

3. Should the Court grant Defendants' motion to dismiss, on what authority are Defendants entitled to attorneys' fees and costs incurred in connection with this motion as requested?

4. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: May 31, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2