IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERTO I. ALVARO,

    Plaintiff,

v.

REY REY PRODUCE SFO INC., et al.

    Defendants.

No. C 07-01685 JSW

**ORDER GRANTING MOTION TO DISMISS**

## INTRODUCTION

Now before the Court is the motion to dismiss filed by Defendants Rey Rey Produce SFO ("RRSFO"), Rey & Rey Produce, Inc. ("R&R"), and Manuel Reynoso ("Reynoso") (collectively, "Defendants"). Having carefully reviewed the parties' papers, including their supplemental briefs, considered their arguments and the relevant legal authority, and good cause appearing, the Court HEREBY GRANTS Defendants' motion.[1]

## FACTUAL BACKGROUND

On March 27, 2007, Plaintiff Roberto I. Alvaro ("Alvaro") filed suit pursuant to the Perishable Agricultural Commodities Act ("PACA"). (Compl. ¶ 7.) Defendants move to dismiss for lack of subject matter jurisdiction because of Alvaro's failure to allege facts that establish standing under PACA.

This action relates to two transactions between Alvaro and Defendants for perishable produce. Alvaro regularly purchased perishable produce from suppliers in Mexico to be delivered directly to Defendants. (Compl. ¶ 11.) Alvaro invoiced the Defendants for the

---

[1] Pursuant to Local Rule 7-1(b), the Court finds the matter suitable for resolution without further oral argument.

1  produce at cost and received $5,000 each week in commission from Defendants. (Compl. ¶ 11-
2  12.) Through this arrangement, Alvaro alleges that he engaged in a joint venture with
3  Defendants between 2004 and 2006 to import and sell perishable produce. (Supp. Br. 3.) On
4  April 17, 2006 and August 15, 2006, Alvaro delivered perishable produce to Defendants.
5  Alvaro alleges Defendants have not paid Alvaro the price of the produce or his commission for
6  these transactions.

Through the PACA trust, a licensed seller of perishable commodities retains a claim in trust over the commodities sold, until the seller receives the full payment for those commodities. (Compl. ¶ 29.) Alvaro asserts that his PACA trust rights were secured through the language printed on invoice notices to Defendants and that he is, therefore, entitled to the benefits of the PACA trust. (*Id.,* ¶ 31.) In order to secure his rights in this manner, Alvaro must be a PACA licensee. Alvaro was individually licensed at the time he began selling produce to Defendants, but not at the time of the relevant transactions. (Supp. Br. 4.) In fact, Alvaro's personal PACA license had expired at the time of the perishable produce transactions in 2006. (Alvaro Decl. ¶¶ 17-20; Reeves Decl. ¶¶ 4-5.)

**ANALYSIS**

**A.     Legal Standard**

When a defendant moves to dismiss a complaint or claim for lack of subject matter jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim. *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases which involve diversity of citizenship, or those cases which involve a federal question, or those cases which involve the United States as a party. *See e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where an attack on jurisdiction is a "facial" attack on the allegations of the complaint, the factual allegations of the complaint are taken as true and the non-moving party is entitled to have those facts construed in the light most

favorable to him or her. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). If the jurisdictional attack is "factual," a defendant may rely on affidavits or other evidence properly before the Court, and the non-moving party is not entitled to any presumptions of truthfulness with respect to the allegations in the complaint. Rather, he or she must come forward with evidence establishing jurisdiction. *Thornhill*, 594 F.2d at 733.

### B. Defendants' Motion to Dismiss the Complaint is Granted.

"The several district courts of the United States are vested with jurisdiction specifically to entertain . . . actions by trust beneficiaries to enforce payment from the [PACA] trust." 7 U.S.C. § 499e(c)(5). PACA was created to alleviate the

> burden on commerce in perishable agricultural commodities . . . caused by financing arrangements under which commission merchants, dealers, or brokers, who have not made payment for perishable agricultural commodities purchased, contracted to be purchased, or otherwise handled by them on behalf of another person. . . . This [Act] is intended to remedy such burden on commerce in perishable agricultural commodities and to protect the public interest.

7 U.S.C. § 499e(c)(1). To achieve this goal

> [p]erishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

7 U.S.C. § 499e(c)(2).

Alvaro brings two claims under PACA. Both PACA claims rely on the benefits of the trust described above and require that the party invoking the protection of the trust be a PACA trust beneficiary. 7 U.S.C. § 499e(c)(5). There are two avenues for becoming and remaining a trust beneficiary. 7 U.S.C. § 499e(c)(3) & (4). First, an "unpaid supplier, seller, or agent" may establish benefits by giving "written notice of intent to preserve the benefits of the trust to the commission merchant, dealer, or broker." 7 U.S.C. § 499e(c)(3). Second, "a licensee" may establish benefits by using "ordinary and usual billing or invoice statements to provide notice of the licensee's intent to preserve the trust," so long as the billing and invoice statements contain the language required by the statute. 7 U.S.C. § 499e(c)(4). Plaintiff alleges he utilized the

second of the two methods to secure his rights as a trust beneficiary. (Compl. ¶ 31.)

Defendants contend there is no jurisdiction in this Court because Alvaro was not a "licensee," and therefore not a trust beneficiary, at the time of the transactions. Plaintiff admits that he had no individual license at the time of the transactions. However, he argues that he and Defendants were engaged in a joint venture and, therefore, Plaintiff was not required to maintain an individual license. Plaintiff asserts that because of this arrangement he is entitled to rely on Defendants' license. In support of this argument, Plaintiff relies on the fact that PACA permits joint account transactions between two licensees and does not require a separate license for the joint account arrangement.[2]

The parties dispute the license requirements of a joint account arrangement. Pursuant to regulation, "[j]oint account arrangements between two or more licensees are not considered to result in separate firms and therefore, do not require separate licenses." 7 C.F.R. § 46.3(c). Plaintiff argues that the statute only requires that the parties be individually licensed at the time they entered into the original joint account arrangement. In contrast, Defendants argue the statute only permits two separate licensees to form a joint account arrangement without obtaining a separate license for the firm created by the joint account arrangement, but that each party must hold a valid license.

When conducting statutory interpretation, as a general rule, a court first looks at the "plain language of the statute." *Waste Action Project v. Dawn Mining Corp.*, 137 F.3d 1426, 1428 (9th Cir. 1998). If the plain language of a statute is ambiguous, a court may consider the "legislative history, and as an aid in interpreting Congress' intent, the interpretation given to it by its administering agency." *Funbus Systems Inc. v. California Public Utilities Com.*, 801 F.2d 1120, 1126 (9th Cir. 1986) (quoting *Brock v. Writers Guild of Am., West, Inc.*, 762 F.2d 1349, 1353 (9th Cir. 1985)).

The language of 7 C.F.R. § 46.3(c) is plain and unambiguous. The regulation cannot be

---

[2] 7 C.F.R. § 46.2(s) defines a "joint account transaction" as "a produce transaction in commerce in which two or more persons participate under a limited joint venture arrangement whereby they agree to share in a prescribed manner the costs, profits, or losses resulting from such transaction."

4

1 interpreted to allow one license shared by two members of the joint account arrangement
2 because it refers to "licensees," *i.e.* it uses the plural form of the noun. The regulation also
3 notes that "separate licenses are required for each person." 7 C.F.R. § 46.3(b). Therefore, the
4 statute requires both members of the account arrangement to be individually licensed, and to be
5 a licensee for the purpose of 7 C.F.R. § 46.3(c), Alvaro must have his own license. He did not.
6 Therefore, he cannot show he is a PACA trust beneficiary.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendants' motion to dismiss the Complaint. Accordingly, Claim I and Claim II, which are Alvaro's federal claims, are dismissed with prejudice, while Claims III, IV, V, VI, and VII, all state law claims, are dismissed without prejudice. *Scott v. Pasadena Unified School Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) (holding federal district courts do not retain jurisdiction of supplemental state law claims when the claims creating a federal question are dismissed because of lack of subject matter jurisdiction). All pending motions are DENIED AS MOOT.

**IT IS SO ORDERED.**



5

Dated: February 12, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE